IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

ROBERT HARPER JR., MICHAEL
BRANDON JAMES, TED MORRISTON,
JAMES TREADWAY AND CLIFTON
SCOTT,

   Plaintiffs,

v.

MASSEY COAL SERVICES, INC.,

   Defendant.

CIVIL ACTION NO. 2:10-0894
On Removal from the Circuit Court of
Boone County, West Virginia
Civil Action No.: 10-C-139

## NOTICE OF REMOVAL

To: Sue Ann Zickefoose, Clerk
  Boone County Courthouse
  200 State Street
  Madison, WV 25130

  J. Michael Ranson
  Cynthia M. Ranson
  George B. Morrone, III
  RANSON LAW OFFICES
  1562 Kanawha Blvd., East
  Charleston, WV 25336-3589

  G. Patrick Jacobs
  Jacobs Law Offices
  7020 MacCorkle Ave., S.E.
  Charleston, WV 25304

{C1825821.1}

To the Judges of the United States District Court for the Southern District of West Virginia:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441, Defendant Massey Coal Services, Inc., by counsel, removes this action from the Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern District of West Virginia on the following grounds:

1. On June 11, 2010, the Defendant was served by service upon the West Virginia Secretary of State, with a copy of a Summons and Complaint in an action commenced in that Circuit Court, entitled *Robert Harper, Jr., Michael Brandon James, Ted Morriston, James Treadway and Clifton Scott v. Massey Coal Services, Inc.*, assigned Civil Action No. 10-C-139. No further proceedings have occurred in state court. A copy of the Complaint is attached to this Notice as Exhibit A. A copy of the Boone County Circuit Court docket sheet is attached to this Notice as Exhibit B, and a complete copy of the Boone County Circuit Court file is attached to this Notice as Exhibit C.

2. In the lawsuit, the plaintiffs assert that they are entitled to certain wages for unpaid overtime for work actually performed in excess of 40 hours in a given workweek and for minimum wages. (Complaint, ¶¶ 12-14).

3. This Court has original federal question jurisdiction over this action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) without regard to the citizenship or residence of the parties or the amount in controversy.

{C1825821.1}

a. The plaintiffs have identified the West Virginia Wage Payment and Collection Act, West Virginia Code §21-5-1, *et seq.*, and the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act, West Virginia Code §21-5C-1, *et seq.*, as the basis for their claims.

b. The Wage Payment and Collection Act does not provide a remedy for unpaid overtime wages or for failure to pay minimum wage. West Virginia Code §21-5-1, *et seq.*

c. The defendant is not subject to the Minimum Wage and Maximum Hours Standards for Employees Act because it is subject to the requirements of the Fair Labor Standards Act, and, therefore, is not an "Employer" within the meaning of the State law. West Virginia Code §21-5C-1(e). That is, West Virginia law requires an Employer to pay its employees minimum wage and at a rate of not less than one and one-half times an employee's regular rate of pay for every hour actually worked in excess of 40 hours during one week. However, "if eighty percent of the persons employed by [the employer] are subject to any federal act relating to minimum wage, maximum hours and overtime compensation," then the employer is exempt from state law requirements. *Id.*

d. The federal Fair Labor Standards Act establishes standards for minimum wage, maximum hours and overtime compensation. 29 U.S.C. §206-07. In addition, the federal Act also regulates the circumstances under which an employee is exempt from the federal statute's overtime requirements. 29 U.S.C. §213. More than 80 percent of Defendant Massey Coal Services, Inc.'s employees are not exempt from the provisions of the Fair Labor Standards Act. Consequently, more than 80 percent of those employees are subject to the federal wage and hour law. Accordingly, the Defendant is

exempt from state overtime compensation requirements and the plaintiffs must bring their claims under federal law.

      e.    To the extent the plaintiffs raise separate claims under the West Virginia Wage Payment and Collection Act, this Court has supplemental jurisdiction over those claims.

      4.    This Notice of Removal is filed within 30 days after the Defendant received a copy of the initial pleading setting forth the claim upon which this action is based.

      5.    Promptly after filing of the Notice of Removal, a copy of this Notice will be filed with the Clerk of the Circuit Court of Boone County and the plaintiffs will receive written notice of the filing of the Notice of Removal.

For these reasons, the Defendant has removed this action from the Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern District of West Virginia. No further proceedings in this action may be had in the Circuit Court of Boone County, West Virginia.

      Respectfully submitted,

      **MASSEY COAL SERVICES, INC.**

      By Counsel

/s/ Erin Elizabeth Magee
ERIN ELIZABETH MAGEE (WVSB # 6078)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P. O. Box 553
Charleston, West Virginia 25322
(304) 340-1000
emagee@jacksonkelly.com
*Counsel for Defendant*

{C1825821.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

**ROBERT HARPER JR., MICHAEL BRANDON JAMES, TED MORRISTON, JAMES TREADWAY AND CLIFTON SCOTT,**

    **Plaintiffs,**

v.                                        CIVIL ACTION NO. _____
                                        **On Removal from the Circuit Court of**
**MASSEY COAL SERVICES, INC.,**      **Boone County, West Virginia**
                                          **Civil Action No.: 10-C-139**

    **Defendant.**

## CERTIFICATE OF SERVICE

        I, Erin Elizabeth Magee, counsel for Massey Coal Services, Inc., do hereby certify that on July 12, 2010, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

> J. Michael Ranson
> Cynthia M. Ranson
> George B. Morrone, III
> RANSON LAW OFFICES
> 1562 Kanawha Blvd., East
> Charleston, WV 25336-3589
> jmr@ransonlaw.com
> cmr@ransonlaw.com
> gbm@ransonlaw.com
>
> G. Patrick Jacobs
> Jacobs Law Offices
> 7020 MacCorkle Ave., S.E.
> Charleston, WV 25304
> pjacobs@bjblaw.com

{C1825821.1}

I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participant:

> Sue Ann Zickefoose, Clerk
> Boone County Courthouse
> 200 State Street
> Madison, WV 25130

/s/ Erin Elizabeth Magee

{C1825821.1}