## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHER DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**ROBERT HARPER JR., MICHAEL
BRANDON JAMES, TED MORRISTON,
JAMES TREADWAY and CLIFTON SCOTT,**

   **Plaintiffs,**

**v.**          **Civil Action No. 2:10-0894**
             On Removal from the Circuit Court
             of Boone County, West Virginia
             (Civil Action No. 10-C-139)

**MASSEY COAL SERVICES, INC.,**

   **Defendant.**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

## STATEMENT OF PROCEEDINGS

The plaintiffs, Robert Harper, Jr., Michael Brandon James, Ted Morriston, James Treadway and Clifton Scott (hereinafter collectively referred to as "Plaintiffs"), instituted suit against defendants, Massey Coal Services, Inc. (hereinafter "Massey Coal"), in the Circuit Court of Boone County, West Virginia on June 9, 2010.  In their *Complaint*, the Plaintiffs, on behalf of themselves and other similarly situated, allege, *inter alia*, that Massey Coal violated the *West Virginia Wage Payment and Collection Act*, W.Va. Code 21-5-1, *et seq.*" (hereinafter "The Act"), by failing to compensate said Plaintiffs as required by the Act.  (Docket 1-1, ¶1 - ¶2).  Also in their *Complaint*, Plaintiffs specifically

allege that their "claims do not arise out of federal law" and that their claims "are brought solely under state common and state statutory law."   Plaintiffs clearly state that they "seek no relief under any federal laws or regulations"; that they "withdraw any asserted state claim that is preempted by federal law"; and that "[a]ny and all claims or possible claims under any federal law, code, regulation, rule, and/or otherwise are expressly not brought herein and disclaimed."  (Id., ¶3).

On July 12, 2010, Massey Coal filed a *Notice of Removal*, based upon original federal question jurisdiction.  (Document 1).  In its *Notice of Removal*, Massey Coal admits that Plaintiffs' cause of action is brought under state law.  (Id., ¶3a).  However, Massey Coal asserts that no remedy exists under the state law (Id., ¶3b), and further that it is exempt from state law.  (Id., ¶3c).  Finally, Massey Coal asserts that Plaintiffs' case *must be* brought under the *Fair Labor Standards Act*, 29 U.S.C. 201, *et seq.*  (Id., ¶3d).

## STANDARDS OF REVIEW

"Removal statutes are to be construed strictly against removal, and the burden to establish that removal of the action is proper lies with the party removing the case. See Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir.1994)."  Allen v. Monsanto Co., 396 F.Supp.2d 728 (S.D. W. Va., 2005).

"If federal jurisdiction is doubtful, a remand is necessary. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir.1994)."  Miller v. Carelink Health Plans, Inc., 82 F.Supp.2d 574 (S.D. W. Va., 2000).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c)."  Watson v. Charleston Housing Authority, 83 F.Supp.2d 709 (S.D. W. Va., 2000).

## ARGUMENT AND ANALYSIS

A defendant may remove any civil action, brought in a state court, "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction.  Miller v. Carelink Health Plans, Inc., 82 F.Supp.2d 574 (S.D. W. Va., 2000). (*See,* Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir.1994)). Massey Coal's removal of the instant case is based upon its assertion that Plaintiffs *should have* brought a federal cause of action against it.  However, Plaintiffs' *Complaint* is clear--Plaintiffs did not plead any federal cause of action.  In fact, Plaintiffs specifically withdrew and/or disclaimed any federal cause of action whatsoever against Massey Coal.

"Removal statutes are to be construed strictly against removal, and the burden to establish that removal of the action is proper lies with the party removing the case. See Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir.1994)." Allen v. Monsanto Co., 396 F.Supp.2d 728 (S.D. W. Va., 2005).  As stated above, the basis for Massey Coal's removal simply does not exist.  Plaintiffs have not plead, nor do they intend to plead any federal cause of action against Massey Coal.  Accordingly, Massey Coal cannot meet its requisite burden of establishing that removal of the action is proper.

"If federal jurisdiction is doubtful, a remand is necessary. Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir.1994)." Miller v. Carelink Health Plans, Inc., 82 F.Supp.2d 574 (S.D. W. Va., 2000).  Massey Coal has not established that Plaintiffs' cause of action is based upon federal law.  Moreover, Plaintiffs have specifically stated in their *Complaint* that their cause of action is NOT based upon federal law.  In fact, Plaintiffs have gone as far as withdrawing and disclaiming any potential or implicated claim based upon federal law.  To conclude that Plaintiffs' *Complaint* is based upon federal law would require the Court to allow Massey Coal to assert a claim against itself and on behalf of the Plaintiffs, even though the Plaintiffs have clearly waived any such claim.  Federal jurisdiction over an un-plead claim is not only doubtful, it is non-existent.

Massey Coal's removal of the instant case was done, despite Massey Coal having actual knowledge that Plaintiffs did not plead a federal claim and that Plaintiffs unequivocally withdrew and/or disclaimed any potential federal claim or cause of action against Massey Coal.  Because of Massey Coal's actions, Plaintiffs have incurred

4

attorneys' fees and costs in addressing the Notice of Removal and is seeking a remand of the case back to state court.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c)."  <u>Watson v. Charleston Housing Authority</u>, 83 F.Supp.2d 709 (S.D. W. Va., 2000).

**CONCLUSION**

This action should be remanded because Massey Coal's *Notice of Removal* was improperly filed.  A cursory review of the Plaintiffs' *Complaint* reveals that no federal question was plead, and further than Plaintiffs have unequivocally waived any potential federal cause of action.  Accordingly, original federal question jurisdiction does not exist.  Massey Coal has failed to meet its burden to establish that removal of the action is proper, and the removal statute is to be construed strictly against removal.  Furthermore, if federal jurisdiction is doubtful, a remand is necessary.

Because Massey Coal's Notice of Removal was improperly filed without justification, the order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  Plaintiffs' are seeking attorneys' fees and costs associated with the removal.

## RELIEF SOUGHT

Accordingly, based upon the foregoing, the Plaintiffs respectfully requests this Honorable Court to grant their *Motion to Remand* and to award them attorneys' fees as a result of the removal, and for such other relief as the Court deems just and proper.

**Robert Harper, Jr., et al.**
By Counsel

*s/ George B. Morrone, III*
_____

**J. Michael Ranson, Esquire (WVSB #3017)**
**Cynthia M. Ranson, Esquire (WVSB #4983)**
**George B. Morrone III, Esquire (WVSB #4980)**
RANSON LAW OFFICES, PLLC
1562 Kanawha Blvd., East
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990
gbm@ransonlaw.com

**G. Patrick Jacobs, Esquire (WVSB #1867)**
Jacobs Law Offices
7020 MacCorkle Ave. S.E.
Charleston, WV  25304
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTER DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**ROBERT HARPER JR., MICHAEL
BRANDON JAMES, TED MORRISTON,
JAMES TREADWAY and CLIFTON SCOTT,**

      **Plaintiffs,**

**v.**
                                   **Civil Action No. 2:10-0894**
                                   On Removal from the Circuit Court
                                   of Boone County, West Virginia
                                   (Civil Action No. 10-C-139)

**MASSEY COAL SERVICES, INC.**,

      **Defendant.**

## CERTIFICATE OF SERVICE

    I, George B. Morrone III, counsel for plaintiffs, hereby certify that I have served a true and exact copy of the foregoing ***Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Remand*** on the defendants counsel of record via Electronic Court Filing (ECF), this **15 July 2010** as follows:

**Erin Elizabeth Magee, Esquire**
JACKSON KELLY, PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, WV  25322

*s/ George B. Morrone, III*

—————————————————
**George B. Morrone III**