IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

ROBERT HARPER JR., MICHAEL
BRANDON JAMES, TED MORRISTON,
JAMES TREADWAY AND CLIFTON
SCOTT,

        Plaintiffs,

v.                                  **CIVIL ACTION NO.: 2:10-cv-00894**
                                      **Hon. John T. Copenhaver, Jr.**

MASSEY COAL SERVICES, INC.,

        Defendant.

---

## MEMORANDUM IN OPPOSITION OF MOTION TO REMAND

---

The plaintiffs assert that they are entitled to certain wages for unpaid overtime for work actually performed in excess of 40 hours in a given workweek and for minimum wages from the Defendant. (Complaint, ¶¶ 12-14). Because their claims raise substantial issues of federal law, the defendant properly removed this case to this Court. Accordingly, Defendant Massey Coal Services, Inc. ("Defendant"), by counsel, respectfully submits this Memorandum in Opposition of Motion to Remand and will demonstrate that this Court has original federal question jurisdiction over the plaintiffs' claims.

## ARGUMENT

This Court has original federal question jurisdiction over this action under the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* Although the plaintiffs

attempt to assert their claims under the guise of West Virginia state law, notably the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act, W.Va. Code §21-5C-1, *et seq.* and the West Virginia Wage Payment and Collection Act, W.Va. Code §21-5-1, *et seq.*, if a plaintiff's right to relief depends on a substantial question of federal law or the state law claim incorporates a federal law that provides a private cause of action, federal question jurisdiction exists. Therefore, this action must be removed to this Court pursuant to 28 U.S.C. §1441(b).

"The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. 1441(b). Justice Oliver Wendell Holmes stated that a "suit arises under the law that creates the cause of action." *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).

A. Substantial Question of Federal Law

The United States Supreme Court has noted that the "vast majority" of cases that arise under federal court jurisdiction are covered by Justice Holmes' statement. *See Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 808 (1986). Federal jurisdiction may attach in certain circumstances if the right to relief depends on a substantial question of federal law. *See Franchise Tax Bd. v. Construction Laborers*

2

*Vacation Trust*, 463 U.S. 1, 13 (1983) ("Even though state law creates appellant's cause of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.").

The plaintiffs have identified the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act as a basis for their claims. However, the plaintiffs failed to acknowledge that in the very definition of "employer" under this Act, they must first ask whether the Defendant is subject to the federal Fair Labor Standards Act:

> "Employer" includes the state of West Virginia, its agencies, departments and all its political subdivisions, any individual, partnership, association, public or private corporation, or any person or group of persons acting directly or indirectly in the interest of any employer in relation to an employee; and who employs during any calendar week six or more employees as herein defined in any one separate, distinct and permanent location or business establishment: **Provided, that the term "employer" shall not include any individual, partnership, association, corporation, person or group of persons or similar unit if eighty percent of the persons employed by him are subject to any federal act relating to minimum wage, maximum hours and overtime compensation.**

W. Va. Code § 21-5C-1(e) (2010) (emphasis added).

The Defendant is not asserting this exemption as a defense at this time; rather, the Defendant is stating that in order for the plaintiffs to bring a claim under West Virginia law, the plaintiffs must prove that the Defendant falls under the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act's definition of

{C1838116.1}

"employer," which defers to federal law. In order to do so, the plaintiff must look to the federal Fair Labor Standards Act ("FLSA") for the answer.

The federal Fair Labor Standards Act establishes standards for minimum wage, maximum hours and overtime compensation. 29 U.S.C. §206-07. In addition, the federal Act also regulates the circumstances under which an employee is exempt from the federal statute's overtime requirements. 29 U.S.C. §213. Section 213 lists numerous descriptive instances where an employee is not subject to the federal standards.[1] Thus, the plaintiffs' right to relief depends on a substantial question of federal law: whether the Defendant is subject to the FLSA.

### B. Federal Law that Provides a Federal Cause of Action

In 1986, the United States Supreme Court held that a state-law cause of action, with an incorporated federal issue as an element of the claim, creates federal question jurisdiction if Congress provides for a private right of action under the federal law at issue. In this regard, in *Merrell Dow, supra*, the plaintiffs brought a number of state law causes of action, including negligence, and alleged that the misbranding of a drug in violation of the Federal Food, Drug and Cosmetic Act ("FDCA") represented a rebuttable presumption of negligence and the proximate cause of their injuries. The defendant removed the case to federal court on the ground that the alleged violation of the FDCA created federal question jurisdiction. In its opinion, the Supreme Court recognized that the plaintiffs' complaint raised questions of federal law. However, it

---

[1] The Defendant can establish that more than 80 percent of its employees are not exempt from the FLSA; thus, it is exempt from state overtime compensation requirements and the plaintiffs must bring their claims under federal law.

{C1838116.1}

determined that removal was improper in that particular case because the FDCA did not

create federal remedy for its violation.

The *Merrell Dow* Court considered the lack of a federal remedy to be

controlling. It explained:

> The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated.
>
> We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

*Id.*, 92 L.Ed.2d at 660-661, 662.

With regard to the instant case, the FLSA does contain a federal private

cause of action:

> (b) Damages; right of action; attorney's fees and costs; termination of right of action
>
> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any

{C1838116.1}

one or more employees for and in behalf of himself or themselves and other employees similarly situated . . . .

29 U.S.C. §213(b).

As previously shown, the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act's definition of "employer" incorporates, as an exemption from the state law, "any federal act relating to minimum wage, maximum hours and overtime compensation." W.Va. Code § 21-5C-1(e). Under *Merrell Dow*, because the West Virginia Minimum Wage and Maximum Hours Standards for Employees Act incorporates a federal issue as an element of the state claim (the Defendant must be an "employer" under the state Act to be subject to it), federal question jurisdiction exists because Congress provided for a private right of action under the FLSA. Accordingly, removal to this Court was appropriate.

To the extent the plaintiffs raise separate claims under the West Virginia Wage Payment and Collection Act, the analysis is the same. The portion of the Wage Payment and Collection Act that is the subject of this suit is an additional remedy for late payment of wages. *See* W.Va. Code § 21-5-4(e). As explained, the plaintiffs' claims for allegedly unpaid wages turn on an issue of federal law. Therefore, these claims also give right to original jurisdiction in this Court.

## CONCLUSION

For these reasons and in the interest of judicial economy, Massey Coal Services, Inc. respectfully requests that this Court find that this matter was properly

{C1838116.1}

removed to the United States District Court for the Southern District of West Virginia

under 28 U.S.C. § 1441. Accordingly, Massey Coal Services, Inc. asks this Court to deny

the plaintiff's Motion for Remand.

Respectfully submitted,

**MASSEY COAL SERVICES, INC.**

By Counsel

_/s/ Ryan E. Voelker_
ERIN ELIZABETH MAGEE (WVSB # 6078)
RYAN E. VOELKER (WVSB # 11159)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P. O. Box 553
Charleston, West Virginia 25322
(304) 340-1000
emagee@jacksonkelly.com
*Counsel for Defendant*

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

**ROBERT HARPER JR., MICHAEL
BRANDON JAMES, TED MORRISTON,
JAMES TREADWAY AND CLIFTON
SCOTT,**

        **Plaintiffs,**

**v.**                           **CIVIL ACTION NO.: 2:10-cv-00894**
                                         **Hon. John T. Copenhaver, Jr.**

**MASSEY COAL SERVICES, INC.,**

        **Defendant.**

### CERTIFICATE OF SERVICE

        **I,** Ryan E. Voelker, counsel for Massey Coal Services, Inc., do hereby certify that on July 29, 2010, **I** electronically filed the foregoing *Memorandum in Opposition of Motion to Remand* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

> J. Michael Ranson
> Cynthia M. Ranson
> George B. Morrone, III
> RANSON LAW OFFICES
> 1562 Kanawha Blvd., East
> Charleston, WV 25336-3589
> jmr@ransonlaw.com
> cmr@ransonlaw.com
> gbm@ransonlaw.com
>
> G. Patrick Jacobs
> Jacobs Law Offices
> 7020 MacCorkle Ave., S.E.
> Charleston, WV 25304
> pjacobs@bjblaw.com

                                                /s/ Ryan E. Voelker

8

{C1838116.1}